Scott E. Gizer, Esq., Nevada Bar No. 12216
  sgizer@earlysullivan.com
Sophia S. Lau, Esq., Nevada Bar No. 13365
  slau@earlysullivan.com
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148
Telephone:  (702) 331-7593
Facsimile:  (702) 331-1652

Kevin S. Sinclair, NV Bar No. 12277
  ksinclair@sinclairbraun.com
SINCLAIR BRAUN LLP
16501 Ventura Blvd, Suite 400
Encino, California 91436
Telephone:  (213) 429-6100
Facsimile:  (213) 429-6101

Attorneys for Defendants
FIDELITY NATIONAL TITLE GROUP, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY, CHICAGO TITLE INSURANCE COMPANY, and CHICAGO TITLE OF NEVADA, INC.

DESIGNATED LOCAL COUNSEL FOR SERVICE OF PROCESS ON SINCLAIR BRAUN LLP PER L.R. IA 11-1(b)

Gary L. Compton, State Bar No. 1652
2950 E. Flamingo Road, Suite L
Las Vegas, Nevada 89121

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., ET AL.,<br><br>Defendants. | Case No.: 2:21-CV-00971-GMN-EJY<br><br>**STIPULATION TO STAY CASE PENDING *WELLS FARGO II* APPEAL** |

Plaintiff Bank of America, N.A. ("BANA") and defendants Fidelity National Title Group, Inc., Fidelity National Title Insurance Company, Chicago Title Insurance Company, and Chicago Title of Nevada, Inc. ("Defendants," and with BANA, the "Parties"), by and through their



undersigned counsel, stipulate and agree as follows, subject to the approval of the District Court:

**WHEREAS**, this is one of several title insurance coverage disputes pending in this district following an HOA foreclosure sale. The majority of cases concern the ALTA 1992 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 Endorsement and either the CLTA 115.1/ALTA 4 Endorsement or the CLTA 115.2/ALTA 5 Endorsement;

**WHEREAS**, one such matter is on appeal in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal"). The Ninth Circuit has scheduled oral argument in that case for October 20, 2021, and the parties anticipate that the Ninth Circuit will issue its decision in the *Wells Fargo II* Appeal soon after that date;

**WHEREAS**, the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the *Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the title insurance policy that could potentially affect the disposition of this action, particularly given some of the similarities between the policy at issue in *Wells Fargo II* Appeal and the policy here;

**WHEREAS**, BANA has filed a motion to remand this action to the Eighth District Court (ECF No. 7) and a motion for fees (ECF No. 8);

**WHEREAS**, Defendants' time to oppose the motion to remand, to oppose the motion for fees, and to file responsive pleadings has not yet expired;

**WHEREAS**, because the *Wells Fargo II* Appeal has the potential to resolve certain matters at issue in this case, the Parties stipulate and agree that a stay in this particular case pending the outcome *Wells Fargo II* Appeal is appropriate;

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. The instant action shall be **STAYED** pending the issuance of the mandate pursuant to Fed. R. App. P. 41(a) in the *Wells Fargo II* Appeal.
2. Defendants' deadline to oppose BANA's motion to remand this action to the Eighth District Court (ECF No. 7) and motion for fees (ECF No. 8) is hereby **CONTINUED**, and will be reset by mutual agreement of the Parties once the stay is lifted, without

prejudice to any arguments that Defendants might assert in opposition to those motions.

3. To the extent that BANA has served the complaint and summons on any of Defendants, their deadline to file a responsive pleading arising under Fed. R. Civ. P. 12 is hereby **VACATED** without prejudice to any defenses that such Defendants might assert under Fed. R. Civ. P. 12. Defendants' deadline to file responsive pleadings will be reset when the stay of this action is lifted.

4. The Parties shall submit their proposed schedule to complete briefing on the motion to remand, the motion for fees, and for the served Defendants to file their responsive pleadings within 30 days of when the stay is lifted.

5. Each of the Parties may request a Fed. R. Civ. P. 26(f) conference at any time 180 days after the order granting this stipulation.

6. By entering into this stipulation, none of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.

Dated: August 31, 2021                     WRIGHT, FINLAY & ZAK

                                           By:  /s/-Darren T. Brenner
                                                DARREN T. BRENNER
                                                Attorneys for Plaintiff
                                                BANK OF AMERICA, N.A.

Dated: August 31, 2021                     SINCLAIR BRAUN LLP

                                           By:  /s/-Kevin S. Sinclair
                                                KEVIN S. SINCLAIR
                                                Attorneys for Defendants
                                                FIDELITY NATIONAL TITLE GROUP, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY, CHICAGO TITLE INSURANCE COMPANY, and CHICAGO TITLE OF NEVADA, INC.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that the parties shall submit a joint status report regarding the status of *Wells Fargo II* every ninety (90) days, beginning December 1, 2021.

Dated this __2__ day of September, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court

